IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

MARCUS WOODSON,                        )
                                       )
                    Plaintiff,         )
                                       )
v.                                     )        Case No. CIV-06-546-D
                                       )
OKLAHOMA STATE DEPARTMENT OF           )
OF HEALTH, *et al.*,                   )
                                       )
                    Defendants.        )

# O R D E R

Before the Court is Plaintiff's Motion for Partial Reconsideration [Doc. No. 93], which seeks

a modification of the Order of September 17, 2008, adopting the Report and Recommendation issued

by United States Magistrate Judge Valerie K. Couch pursuant to 28 U.S.C. § 636(b)(1).  Plaintiff

asks the Court to revisit the part of the Order that granted summary judgment to Defendant Board

of County Commissioners of Garfield County (the "County").  The County has timely opposed the

Motion, which is at issue.

By the September 17 Order, the Court ruled that the County is entitled to summary judgment

on Plaintiff's claims under 42 U.S.C. § 1983 alleging violations of his constitutional rights during

his confinement in the Garfield County Detention Center ("GCDC").  No judgment was entered at

that time, however, because the Order did not dispose of all claims.  *See* Fed. R. Civ. P. 54(b).

Accordingly, although Plaintiff's Motion invokes Fed. R. Civ. P. 59(e) and 60(b), those rules are

inapplicable.  Rule 54(b) expressly provides that "any order or other decision, however designated,

that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does

not end the action as to any of the claims or parties and *may be revised at any time before the entry*

*of a judgment adjudicating all the claims and all the parties' rights and liabilities*."  Fed. R. Civ.

P. 54(b) (emphasis added).  Thus, the September 17 Order is an interlocutory decision that the Court

has discretionary power to revise.  *See Warren v. American Bankers Ins*., 507 F.3d 1239, 1243 (10th

Cir. 2007) ("a district court always has inherent power to reconsider its interlocutory rulings");

*Riggs v. Scrivner, Inc*.,  927 F.2d 1146, 1148 (10th Cir. 1991); *Anderson v. Deere & Co*., 852 F.2d

1244, 1246 (10th Cir. 1988).  However, appropriate circumstances for seeking reconsideration of

issues previously decided in a case are limited.  *See Servants of Paraclete v. Does*, 204 F.3d 1005,

1012 (10th Cir. 2000) (discussing grounds for a motion to reconsider); *see also Van Skiver v. United

States*, 952 F.2d 1241, 1243 (10th Cir. 1991).

In issuing the September 17 Order, the Court did not address the merits of the County's

summary judgment motion.  Instead, the Court found that Plaintiff had waived further review of the

issues addressed in the Report and Recommendation because Plaintiff did not file a timely objection.

*See* Order 9/17/08 [Doc. 84] at 1 (citing *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991);

*United States v. 2121 East 30th Street*, 73 F.3d 1057, 1060 (10th Cir. 1996)).  At the time, Plaintiff

was proceeding *pro se*; the Court subsequently granted his motion for counsel.  A volunteer attorney

first entered an appearance on October 10, 2008, and promptly brought to the Court's attention an

allegation of legal error with respect to the ruling that the County should be dismissed as a party.

*See* Joint Status Report [Doc. 90] at 5.  Further, counsel acted promptly after the scheduling

conference to file the present Motion asking that the Court revisit this issue.  Under these

circumstances, the Court finds that the question of whether the County may be held liable on

Plaintiff's claims should be considered on the merits.

Plaintiff brings claims under 42 U.S.C. § 1983 concerning his confinement in the Garfield

County Detention Center ("GCDC").  The Court has previously found, for reasons stated in the

September 17 Order, that genuine disputes of material facts preclude summary judgment with

respect to Plaintiff's § 1983 claims asserted in Count I (unconstitutional conditions of confinement) and Count III (denial of due process) against Defendants Randy Coleman, Bill Winchester and Misty Taylor. These defendants, designated as the GCDC Defendants, were responsible for operation of the county jail during Plaintiff's detention. Defendant Winchester was the county sheriff. The two claims that remain under the September 17 Order are, Count I, alleging Plaintiff was deprived of basic necessities, such as clothing, bedding, warmth, sanitation, food, medical care, and exercise during his confinement, and Count III, alleging Plaintiff was placed in administrative segregation for 17 months without minimal requirements of due process.

The County moved for summary judgment based on facts showing that the operation of GCDC is governed by a written agreement between the County and Garfield County Criminal Justice Authority, which is a public trust created pursuant to Okla. Stat. tit. 60, §§ 176-180.4. This agreement, entitled "Operation, Maintenance and Administration Agreement" (hereafter, the "Agreement"), sets forth the responsibilities of the County, its sheriff, and the Authority with respect to GCDC, and delegates to the sheriff the responsibility for day-to-day operations in compliance with minimum jail standards and all applicable laws, regulations and requirements affecting the facility. *See* County's Mot. Summ. J., Ex. 1 [Doc. 63-2], § 3.01. The Agreement acknowledges that the sheriff is an elected officer of the County and has the "sole right to supervise, manage, operate, control and direct the performance of the details incident to [the County's] duties and obligations under this Agreement." *Id.* § 3.02. From this, and the well-established rule that no *respondeat superior* or vicarious liability can be imposed under 42 U.S.C. § 1983, the County argued in support of its summary judgment motion that Plaintiff lacked evidence to show any unconstitutional policy or custom of the County, as opposed to the sheriff, caused the alleged constitutional deprivations of which he complains. *See Monnell v. Department of Social Servs.*, 436 U.S. 658, 694 (1978);

3

*Board of County Comm'rs v. Brown*, 520 U.S. 397, 404 (1997); *see also Jantzen v. Hawkins*, 188 F.3d 1247, 1259 (10th Cir. 1999).  In addition, the County sought dismissal of the action because it was improperly named in the Complaint and may be sued only as the "Board of County Commissioners of the County of Garfield."  *See* Okla. Stat. tit. 19, § 4.

In the portion of the Report and Recommendation addressing the County's motion, Judge Couch found that the County was improperly named in the Complaint but that the action should not be dismissed on this basis.  Judge Couch proceeded to address the merits of the County's position that Sheriff Winchester, and not the County acting through its Board of County Commissioners, established and implemented policies and procedures for GCDC and thus the County could not be held liable for any unconstitutional policy or custom that caused Plaintiff's alleged injuries.  After examining the facts and evidence presented by Plaintiff in opposition to summary judgment on this issue, Judge Couch found that "[t]he exhibits proffered by Plaintiff not only fail to support his claim that Defendant Garfield County is the policymaker for the jail, they actually lead to a contrary conclusion."  *See* Report & Recom. [Doc. 79] at 9, 10.  Judge Couch concluded that the County was entitled to summary judgment because "[i]n Garfield County at times pertinent to this action, it has been the Sheriff, and not the Board of County Commissioners of Garfield County, who is responsible for the operations of the county jail, and the Board of County  Commissioners is not charged with the duty to make policies for its operation" and thus Plaintiff's claims against the County "premised on its alleged policymaking role in the operation of the county jail" fail as a matter of law.  *Id*. at 10.

Upon consideration of this issue, the Court finds that Judge Couch failed to consider Plaintiff's additional argument that Sheriff Winchester, acting in his official capacity as the County's delegated policymaker with respect to the operation of GCDC, established and implemented

unconstitutional policies that caused Plaintiff's alleged constitutional injuries and thus may create liability of the County for those injuries. Plaintiff's current arguments, presented through counsel, rest on the proposition that the County is "potentially liable for the unlawful policies and decisions that flowed from the Sheriff's lawfully delegated authority" under the Agreement and under state law. *See* Pl.'s Mot. Partial Reconsideration [Doc. 93] at 11; *see also* Okla. Stat. tit. 57, § 47. Plaintiff also argues that, because Sheriff Winchester had final policymaking authority and full control over operations at GCDC, Plaintiff's claims against Sheriff Winchester in his official capacity based on the allegedly unconstitutional policies and decisions he made may properly be brought against the County by naming the Board of County Commissioners as the party defendant, even though it is the Sheriff's actions, and not those of the Board, that are at issue. As legal authority for his position, Plaintiff relies on cases in which counties have been held liable under § 1983 for an act or decision of a county official with final policymaking authority in the particular area at issue. *See*, *e.g.*, *Lopez v. LeMaster*, 172 F.3d 756, 763 (10th Cir. 1999); *Starrett v. Wadley*, 876 F.2d 808, 918-19 (10th Cir. 1989).

Plaintiff is correct that, besides the basis of municipal liability addressed by the County, there is an additional basis of municipal liability discussed in *Pembauer v. City of Cincinnati*, 475 U.S. 469 (1986), and more recently, in *Simmons v. Uintah Health Care Special Dist.*, 506 F.3d 1281 (10th Cir. 2007). Under these decisions, "'where action is directed by those who establish governmental policy, the municipality is equally responsible whether that action is to be taken only once or to be taken repeatedly.'" *Simmons*, 506 F.3d at 1285 (quoting *Pembauer*, 475 U.S. at 481). For example, in *Lopez*, 172 F.3d at 763, the court of appeals reversed a summary judgment for a county in a § 1983 action by a pretrial detainee who was beaten by other inmates in the county jail based on a sufficient showing "that the county maintains an unconstitutional policy of understaffing

its jail and of failing to monitor inmates." The plaintiff in *Lopez* made the requisite showing in two ways: first, by presenting evidence that the board of county commissioners failed to provide funding to correct jail deficiencies likely to lead to assaults; and alternatively, because the sheriff was the final policymaker with regard to the jail, by presenting evidence that the sheriff's "failure to provide adequate staffing and monitoring of inmates constitutes a policy attributable to the county." *Id*.

By his present Motion, Plaintiff asks the Court to consider this alternative basis of municipal liability. Although Plaintiff does not address his constitutional claims with specificity or present facts to show that Sheriff Winchester established unconstitutional policies within his area of final policymaking authority that caused Plaintiff's alleged injuries, the Court notes that the County did not seek summary judgment based on a lack of such evidence. Rather, the County's arguments in support of its summary judgment motion were limited solely to an absence of "evidence of a policy of the **Board** related to the incidents alleged" because "the Board cannot establish policy or custom in this regard." *See* Garfield County's Mot. Summ. J. [Doc. 63] at 16-17 (emphasis in original). The County was willing to "assum[e] Plaintiff could prove the alleged violations were caused by an identifiable unconstitutional policy" and, instead, argued "such policy was a policy of the Sheriff" rather than the Board of County Commissioners. *Id*. at 16. This argument overlooks the alternative basis of liability urged by Plaintiff here, which the Court finds was fairly raised by Plaintiff's original summary judgment response. Therefore, the Court finds that summary judgment was improperly granted to the County based on its motion and arguments.

## Conclusion

For these reasons, the Court will vacate its summary judgment ruling in favor of the County and reinstate Plaintiff's remaining § 1983 claims (Count I and Count III) against this defendant, properly named the Board of County Commissioners of Garfield County. This ruling is without

prejudice to the County's ability to file a second dispositive motion within the time limit set by the current Scheduling Order, if appropriate.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Partial Reconsideration [Doc. No. 93] is GRANTED.  The Court vacates that portion of the Order of September 17, 2008 [Doc. No. 84], that granted summary judgment to Defendant Garfield County and reinstates Plaintiff's § 1983 claims asserted in Counts I and III of the Complaint alleging, respectively, unconstitutional conditions of confinement and denial of due process against this defendant.

IT IS FURTHER ORDERED that Defendant Garfield County's Motion for Summary Judgment [Doc. No. 63] is DENIED, except that the action shall proceed against the properly named defendant, the Board of County Commissioners of Garfield County, Oklahoma.

IT IS SO ORDERED this ___20th___ day of May, 2009.


_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE